IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FIDELITY AND DEPOSIT COMPANY OF MARYLAND,<br><br>Plaintiff,<br><br>vs.<br><br>APEX CAPITAL, LP, as Assignee of SYMPHONY TRANSPORT, INC. d/b/a BIG R TRANSPORT; ADVANCE BUSINESS CAPITAL, as Assignee of INTER, INC.; BULL TRANZ, INC.; DAVISON TRANSPORTATION SERVICES, INC.; DLC TRANSPORT, INC.; GREAT NORTHERN TRANSPORTATION; GRAVAL; H&L TRUCKING, INC.; BAXTER BAILEY & ASSOCIATES, INC. and JRM INVESTMENTS, as Assignee of HIGHWAY FREIGHT SYSTEMS; INFINITY EXPRESS, LLC; BAXTER BAILEY & ASSOCIATES, INC. and JRM INVESTMENTS, as Assignee of J.D. FACTORS, LLC c/o MMD EXPRESS SERVICES, INC.; BAXTER BAILEY & ASSOCIATES, INC. and JRM INVESTMENTS, as Assignee of J.D. FACTORS, LLC c/o BRL TRANSPORT, INC.; BAXTER BAILEY & ASSOCIATES, INC. and JRM INVESTMENTS, as Assignee of J.D. FACTORS, LLC c/o J.S. EXPRESS; JELEN'S TRANSPORTATION, INC.; MASUR TRUCKING, INC.; McCLEOD EXPRESS, LLC; MEDALLION TRANSPORT AND LOGISTICS; METROPOLITAN TRUCKING, INC.; MIDWEST TRANSPORT, INC. c/o CORELOGIC; NORTHLAND TRUCKING; NYC FREIGHT, INC.; COMPASS FUNDING SOLUTIONS, LLC, as Assignee of PRINCE EXPRESS, INC.; RANGI BROTHERS LOGISTICS, INC.; SAME DAY TRANSPORTATION, INC.; SARGENT TRUCKING, INC.; SUNBELT FINANCE, LLC, as Assignee of CONQUEST TRANSPORTATION; TARGET INTERSTATE/INTERMODAL SYSTEMS, INC.; WERNER & SON, INC. d/b/a TRANSFER | CIVIL ACTION NO. |

| | |
|---|---|
| SYSTEMS AND WAREHOUSING; TRANS-STATES EXPRESS, INC. c/o CORELOGIC; BAXTER BAILEY & ASSOCIATES, INC. and JRM INVESTMENTS, as Assignee of T.S. BOYD GRAIN; JOHN VERIHA TRUCKING c/o FIRST ADVANTAGE TRANSPORTATION SERVICES; ZEHR TRUCKING, INC.; BAXTER BAILEY & ASSOCIATES, INC. and JRM INVESTMENTS, as Assignee of EAST WEST HAULING; WESTERN TRANSPORT, INC., | ) ) ) ) ) ) ) ) ) ) ) |
| Defendants/Claimants. ) | JURY TRIAL DEMANDED |

## COMPLAINT FOR
## INTERPLEADER AND DECLARATORY RELIEF

AND NOW, comes Fidelity and Deposit Company of Maryland, by its attorney, Thomas R. Doyle, and files the following Complaint for Interpleader and Declaratory Relief, in support whereof it is averred as follows:

1. This Action is filed pursuant to the Federal Interpleader Statute, 28 U. S. C. Section 1335, concerning a $10,000 bond, for which dozens of claimants, having the required minimal diversity of citizenship under the said statute, have asserted claims that far exceed the amount of the said bond.

2. The Plaintiff is an insurance company which has its principal office located at 600 Red Brook Boulevard, Owings Mills, MD 21117.

3. The business that purchased the bond is a Pennsylvania corporation known as Fort Pitt Consolidators, Inc., which had its principal place of business located at 200 Jones Street, P. O. Box 377, Verona, PA 15147. (Plaintiff has been informed that the business has shut its doors and is no longer in operation.)

4. Several of the claimants are businesses incorporated under the laws of Pennsylvania with their principal place of business located in Pennsylvania (J. S. Express of

Boothwyn, PA 19061; Jelen's Transportation, Inc. of Long Pond, PA 18334; Metropolitan Trucking, Inc. of Bloomsburg, PA 17815).

5. This Action concerns claims to a Federal bond under the Federal Motor Carrier Safety Administration (FMCSA) (originally under the Interstate Commerce Commission and now under the FMCSA). On the 26th day of May, 1989, Fidelity and Deposit Company of Maryland and Maury S. Sheer t/a Fort Pitt Consolidators, Inc. entered into a Property Broker's Surety Bond Agreement (Bond No. 9658125-LPM 5045821) pursuant 49 U.S.C. 10927 and the Rules and Regulations of the Interstate Commerce Commission relating to insurance and other security for the protection of motor carriers and shippers.

6. Under the terms of the said Agreement (a copy of which is attached hereto as Exhibit "A"), Fidelity and Deposit Company of Maryland agreed to be responsible under the Surety Bond for an amount up to $10,000 as surety up to that said amount to inure the benefit of any and all motor carriers or shippers to whom Maury S. Sheer t/a Fort Pitt Consolidators, Inc. may be legally liable for any damages described in the said Surety Bond Agreement.

7. Fidelity and Deposit Company of Maryland has been advised that Fort Pitt Consolidators, Inc. has closed its doors, leaving a number of carriers with unpaid invoices, the total of which vastly exceeds the Surety Bond Amount of $10,000. Plaintiff is merely the stakeholder of the said bond amount and wishes to see that the proper distribution is made in the most suitable manner among the Defendants/Claimants, as determined by the Court under the provisions Federal Interpleader Statute.

8. Based upon the information supplied to or available to Fidelity and Deposit Company of Maryland, the following carriers or their Assignees have submitted claims in the following amounts:

(a) $3,825.00 claimed by Apex Capital, LP (6000 Western Place, Suite 1000, Fort Worth, TX 76107) as the Assignee of all of the present and future accounts receivable of a carrier known as Symphony Transport, Inc. d/b/a Big R. Transport (6424 W. Gunnison Street, Harwood Heights, IL 60706) (see Exhibit "B" attached hereto);

(b) $700.00 claimed by Advance Business Capital (P.O. Box 51, Dallas, TX 75261-0028) as the Assignee of a carrier known as Inter, Inc. (P.O. Box 610028, Dallas, TX 75261-0028) (see Exhibit "C" attached hereto);

(c) $7,300.00 claimed by Bull Tranz, Inc. (10344 Leoland Avenue, Sunland, CA 91040) (see Exhibit "D" attached hereto);

(d) $1,200.00 claimed by Davison Transportation Services, Inc. (P.O. Drawer 310, Ruston, LA 71273-0310) (see Exhibit "E" attached hereto);

(e) $350.00 claimed by DLC Transport, Inc. (320 North Fifth Street, Steubenville, OH 43952) (see Exhibit "F" attached hereto);

(f) $3,960.00 claimed by Great Northern Transportation (5205 East Vienna Road, Clio, MI 48420) (see Exhibit "G" attached hereto);

(g) $1,600.00 claimed by Graval (2971 Old Higgins Road, Elk Grove Village, IL 60007) (see Exhibit "H" attached hereto);

(h) $600.00 claimed by H & L Trucking, Inc. (9905 State Route 269, Bellevue, OH 44811) (see Exhibit "I" attached hereto);

(i) $24,425.00 claimed by Baxter Bailey & Associates, Inc. and JRM Investments (1630 Goodman Rd. East, Suite 3, Southaven, MS, 38671) as Assignee of Highway Freight Systems (4115 Hummingbird Lane, Bethlehem, PA 18020) (see Exhibit "J" attached hereto);

(j) $900.00 claimed by Infinity Express, LLC (P.O. Box 11044, Chattanooga, TN 37401) (see Exhibit "K" attached hereto);

(k) $1,950.00 claimed by Baxter Bailey & Associates, Inc. and JRM Investments (1630 Goodman Road East, Suite 3, South Haven, MS 38671), as Assignee of J.D. Factors, LLC (P.O. Box 687, Wheaton, IL 60187) c/o MMD Express Services, Inc. (5311 Whisper Meadow Court, Plainfield, IL 60586) (see Exhibit "L" attached hereto);

(l) $12,675.00 claimed by Baxter Bailey & Associates, Inc. and JRM Investments (1630 Goodman Road East, Suite 3, South Haven, MS 38671), as Assignee of J.D. Factors, LLC (P.O. Box 687, Wheaton, IL 60187) c/o BRL

Transport, Inc. (15249 Radiance Drive, Noblesville, IN 46060) (see Exhibits "M-1" and "M-2" attached hereto);

 (m) $1,875.00 claimed by Baxter Bailey & Associates, Inc. and JRM Investments (1630 Goodman Road East, Suite 3, South Haven, MS 38671), as Assignee of J.D. Factors, LLC (P.O. Box 687, Wheaton, IL 60187) c/o J.S. Express (1511 Naamans Creek Road, Boothwyn, PA 19061) (see Exhibit "N" attached hereto);

 (n) $1,200.00 claimed by Jelen's Transportation, Inc. (P.O. Box 119, Long Pond, PA 18334) (see Exhibit "O" attached hereto);

 (o) $700.00 claimed by Masur Trucking, Inc. (2821 East Crescentville Road, West Chester, OH 45069) (see Exhibit "P" attached hereto);

 (p) $550.00 claimed by McCleod Express, LLC (5002 Cundiff Court, Decatur, IL 62526) (see Exhibit "Q" attached hereto);

 (q) $1,300.00 claimed by Medallion Transport and Logistics (132 Joe V. Knox Avenue, Suite 106, Mooresville, NC 28117) (see Exhibit "R" attached hereto);

 (r) $29,465.00 claimed by Metropolitan Trucking, Inc. (6675 Low Street, Bloomsburg, PA 17815) (see Exhibit "S" attached hereto);

 (s) $1,500.00 claimed by Midwest Transport, Inc. (P.O. Box 8608, Robinson, IL 62454) through a loss claim form submitted by CoreLogic (P.O. Box 710 Lake Havasu City, AZ 86405-0710) (see Exhibit "T" attached hereto);

 (t) $600.00 claimed by Northland Trucking (220 11th Street, SE, Menahga, MN 56464) (see Exhibit "U" attached hereto);

 (u) $3,400.00 claimed by NYC Freight, Inc. (P.O. Box 8626, Alta Loma, CA 91701) (see Exhibit "V" attached hereto);

 (v) $550.00 claimed by Compass Funding Solutions, LLC (15 West Frontage Road, Burr Ridge, IL 60527), as Assignee of Prince Express, Inc. (2710 Greenleaf, Elk Grove, IL 60007) (see Exhibit "W" attached hereto);

 (w) $3,200.00 claimed by Rangi Brothers Logistics, Inc. (17 Jack Rabbit Crescent, Brampton, ON Canada L6R 2E1) (see Exhibit "X" attached hereto);

 (x) $11,850.00 claimed by Same Day Transportation, Inc. (P.O. Box 68532, Indianapolis, IN 46268) (see Exhibit "Y" attached hereto);

       (y)     $625.00 claimed by Sargent Trucking, Inc. (P.O. Box 600, Mars Hill, ME 04758) (see Exhibit "Z" attached hereto);

       (z)     $9,900.00 claimed by Sunbelt Finance, LLC (P.O. Box 17000, Jonesboro, AR 72403), as Assignee of Conquest Transportation (see Exhibit "AA" attached hereto);

       (aa)    $29,850.00 claimed by Target Interstate/Intermodal Systems, Inc. (33A NYC Terminal Market, Bronx, NY 10474) (see Exhibit "BB" attached hereto);

       (bb)    $14,875.00 claimed by Werner & Son, Inc. d/b/a Transfer Systems and Warehousing (600 West Kyger Street, Frankfort, IN 46041-1102) (see Exhibit "CC" attached hereto);

       (cc)    $400.00 claimed by Trans-States Express, Inc. (7750 Reinhold Drive, Cincinnati, OH 45237 c/o Corelogic, P.O. Box 710, Lake Havasu City, AZ 86405-0710) (see Exhibit "DD" attached hereto);

       (dd)    $475.00 claimed by Baxter Bailey & Associates, Inc. and JRM Investments (1630 Goodman Road East, Suite 3, South Haven, MS 38671), as Assignee of T.S. Boyd Grain (see Exhibit "EE" attached hereto);

       (ee)    $850.00 claimed by John Veriha Trucking (P.O. Box 456, Marinette, WI 54143 c/o First Advantage Transportation Services, Bond Filing Department) (P.O. Box 710, Lave Havasu City, AZ 86405-0710) (see Exhibit "FF" attached hereto);

       (ff)    $850.00 claimed by Zehr Trucking, Inc. (1532 B County Road 2300N, Urbana, IL 61802) (see Exhibit "GG" attached hereto);

       (gg)    $4,300.00 claimed by Baxter Bailey & Associates, Inc. and JRM Investments (1630 Goodman Road East, Suite 3, South Haven, MS 38671) as Assignee of East West Hauling (700 First Street, Second Floor, Harrison, NJ 07029) (see Exhibit "HH" attached hereto);

       (hh)    $500.00 claimed by Western Transport, Inc. (3916 West 65th South, Idaho Falls, ID 83402-5835). (See Exhibit "II" attached hereto.)

       (ii)     $12,700.00 claimed by Baxter Bailey & Associates, Inc. and JRM Investments (1630 Goodman Road East, Suite 3, South Haven, MS 38671), as Assignee of J.D. Factors c/o BRL Transport, Inc. (see Exhibit "JJ" attached hereto).

9. Fidelity and Deposit Company wishes to see that the amount of the bond available to the Claimants be distributed as determined by this Honorable Court in the most expedient and cost effective manner so as not to unduly deplete the fund available for distribution to the deserving Claimants after deduction of the reasonable costs associated with the filing, serving, and litigation this Complaint for Interpleader and Declaratory Judgment.

10. Toward that stated purpose, Fidelity Deposit wishes to deposit the fund available from the $10,000 bond into the repository designated by the Court and to have the various Claimants interplead and settle among themselves their respective rights to the available proceeds, and Fidelity Deposit seeks to be discharged from all liability beyond the original bond sum deposited with the Court and seeks to be reimbursed from the fund deposited with the Court for any attorney fees, service fees, or other reasonable costs encountered by Fidelity and Deposit Company of Maryland associated with this Interpleader action.

11. In recognition that reasonable costs associated with the litigation are normally reimbursed to the Plaintiff at the discretion of the Court in this type of Interpleader action, Fidelity Deposit seeks to avoid unnecessary service costs, and, accordingly, will respectfully request via Federal Form 5, Notice of a Lawsuit and Request to Waive Service of a Summons and Federal Form 6, Waiver of Service forms (with Rule 4 of the Federal Rules of Civil Procedure explanations attached thereto) sent to each of the listed claimants by ordinary mail that they each accept service of process.

WHEREFORE, the Plaintiff, Fidelity and Deposit Company of Maryland, respectfully requests that this Honorable Court enter an Order directing:

(a) that each Defendant/Claimant be restrained from commencing any action against the Plaintiff on the above described bond;

      (b)    that a judgment be entered setting forth how the sum deposited into Court is to be distributed and that the Plaintiff be discharged from all liability other than the sum deposited with the Court; and

      (c)    that the Plaintiff recover its costs associated with this Interpleader action from the stake amount deposited with the Court or the Court's designated repository.

Respectfully submitted,

By: /s/ *Thomas R. Doyle*
THOMAS R. DOYLE
PA I.D. #26372
870 Six PPG Place
Pittsburgh, PA 15222
(412) 263-3364
(412) 263-2144 Fax
thomas.doyle@zurichna.com

Counsel for Plaintiff,
Fidelity and Deposit Company of Maryland